(No. 29202.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD LEE TRIPP, Plaintiff in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

W. G. ANDERSON, (ELWYN E. LONG, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

The defendant was indicted in the criminal court of Cook county for murder. He was tried before a jury and found guilty and his punishment fixed at fourteen years in the penitentiary. A motion for a new trial was overruled and the defendant sentenced to the term aforesaid, and he prosecutes this writ of error.

Only two points are made. First, the court erred in giving an instruction on manslaughter; and second, that the guilt of the defendant was not established beyond all reasonable doubt.

Briefly, the evidence shows that defendant entered a poolroom, where the deceased was playing with another person. Defendant went up to him and made a demand that he pay him some money, as defendant claimed he had been robbed by the deceased a day or two before of the sum of $40. There is some dispute as to whether the deceased did not give defendant $3 or $4 in change, but there is no dispute but what the defendant demanded deceased give him his watch in place of the $40 claimed to have been taken. The deceased had a cue in his hand. The defendant testified that deceased started to hit him with the butt end of the cue. An eyewitness testified, in effect, that the deceased started to use the cue after the defendant had drawn a revolver. It is undisputed that deceased, with a cue in his hand, was shot by defendant in an argument over whether the deceased owed the de-

fendant money, either as a loan or because it had been taken from him by highway robbery.

Under these circumstances, the court gave instructions to the jury upon manslaughter. Manslaughter is defined by our statute as follows: "Manslaughter is the unlawful killing of a human being without malice, express or implied, and without any mixture of deliberation whatever. It must be voluntary, upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible, or involuntary in the commission of an unlawful act, or a lawful act without due caution or circumspection." Ill. Rev. Stat. 1943, chap. 38, par. 361.

From the facts, it would appear that manslaughter might have been found by the jury either because of killing from a sudden heat of passion caused by the defendant coming suddenly upon a man who, he claimed, had robbed him of $40; or of committing the homicide, without due caution or circumspection, while the deceased had a cue in his hand. It seems to us that had the defendant requested, and been denied, an instruction upon manslaughter it would have been error.

The defendant claims that the evidence shows either murder or nothing. We have previously held in *People* v. *White*, 311 Ill. 356, and *People* v. *Williams*, 337 Ill. 371, that the giving of an instruction for manslaughter under similar circumstances was proper. In the latter case, as here, self-defense was claimed, and the court, in holding there was no error, said: "The evidence was such that the jury could reasonably have concluded that the homicide was in sudden heat of passion, caused by provocation apparently sufficient to make the passion irresistible."

The cases cited by plaintiff in error are not applicable. In *People* v. *Schultz*, 267 Ill. 147, there was no evidence whatever which would reduce the crime from murder to manslaughter in order to give occasion to the application

of the manslaughter statute. In *People* v. *Reno,* 324 Ill. 484, we do not find that the question raised by plaintiff in error was involved, other than to state the well-recognized proposition of law that the instructions given should be applicable to the facts and circumstances of the case. The instructions applicable to manslaughter were properly given.

Plaintiff in error also urges that the evidence did not prove his guilt beyond a reasonable doubt. There was an eyewitness to the affray which resulted in the homicide. If the testimony of this witness was believed, the defendant was guilty of murder, as found by the jury. The defendant does not deny the killing, and under such circumstances the statute provides: "The killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide." Ill. Rev. Stat. 1943, chap. 38, par. 373.

As pointed out, the defendant claims self-defense. The eyewitness narrated facts which, if believed, would justify the verdict of guilty of murder, or, by giving credit to the testimony of the defendant, a verdict of acquittal or manslaughter. The defendant admits the killing, and, therefore, under the statute, the burden of reducing the crime from murder to manslaughter, or less, devolved upon him. There was ample evidence in the record to support the verdict of the jury.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*